**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:** **CHAPTER 7**

**CASIE LORRAINE HALL,** **26-02468-5-DMW**

**Debtor.**

## MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE

NOW COMES Kevin L. Sink, Chapter 7 Trustee ("Trustee") for Casie Lorraine Hall ("Debtor"), by and through undersigned counsel, and hereby moves this Court for an order directing the Debtor and the Debtor's spouse to immediately turnover to the Trustee property of the estate. In support of this Motion, the Trustee shows the Court as follows:

## INTRODUCTION AND BACKGROUND

1. On June 1, 2026 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code") [Doc. No. 1].

2. On June 10, 2026, the Court entered an Order Appointing Successor Trustee [Doc. No. 12], whereby Kevin L. Sink was appointed Chapter 7 Trustee.

3. The Trustee is the duly appointed, qualified, and acting Trustee of the Debtor's estate.

4. The Debtor and her non-filing spouse, Levi M. Bennett ("Mr. Bennett"), filed their 2025 taxes jointly. The Debtor and Mr. Bennett received a federal tax refund in the amount of $13,335.00 and a tax refund from the State of North Carolina in the amount of $836.00, for a total 2025 tax refund of $14,171.00 (the "Tax Refund").

5. In Schedule A/B accompanying the Debtor's petition, the Debtor listed her ownership interest in an "estimated joint 2025 tax refund" and valued that interest at $1,000.00.

6. In Schedule C-1 accompanying the Debtor's petition, the Debtor listed the market value of the tax refund as $2,000.00 and claimed $1,000.00 as exempt pursuant to N.C. Gen. Stat. § 1C-1601(a)(2).

7. The non-exempt portion of the Tax Refund belonging to the Debtor is property of the estate.

8. Upon information and belief, Mr. Bennett asserts that 50% of the Tax Refund is his separate property and thus not property of the estate. Accordingly, the Debtor and Mr. Bennett have refused to turn over to the bankruptcy estate any more than one-half of the Tax Refund (less the Debtor's claimed exemption).

9. As reflected in the jointly filed 2025 tax returns of the Debtor and Mr. Bennett, of the total joint income of $177,200.00, the Debtor earned $157,204.00 in income and Mr. Bennett earned $19,996.00 in income. Based on these amounts, the Debtor earned 88.72% and Mr. Bennett earned 11.28% of the total joint income.

10. As reflected in the jointly filed 2025 tax returns of the Debtor and Mr. Bennett, the federal tax refund was based on total tax payments of $21,926.00, of which the Debtor paid $21,702.00 and Mr. Bennett paid $224.00. Based on these amounts, the Debtor paid 98.98% of the total 2025 federal tax payments

11. As reflected in the jointly filed 2025 tax returns of the Debtor and Mr. Bennett, the state tax refund was based on total tax payments of $6,614.00, of which the Debtor paid $6,312.00 and Mr. Bennett paid $302.00. Based on these amounts, the Debtor paid 95.43% of the total 2025 state tax payments.

12. The Trustee submits that, based on the specific facts of this case, and applicable law as discussed below, the Debtor's estate is entitled to a *pro rata* share of the tax return based

upon the respective amounts paid by the Debtor and Mr. Bennett. Based on this analysis, the Debtor owns $13,198.98 of the federal tax refund ($13,335.00 x 98.98%) and $797.79 of the state tax refund ($836.00 x 95.43%), indicating that $13,996.77 of the Tax Refund is property of the Debtor's bankruptcy estate. After application of the Debtor's claimed exemption of $1,000.00 in the Tax Refund, the bankruptcy estate is entitled to $12,996.77 ("Non-Exempt Tax Refund").

13. Therefore, the Trustee requests the immediate turnover of the Non-Exempt Tax Refund that is property of the Debtor's estate.

## ARGUMENT

14. The Debtor's voluntary petition for relief created a bankruptcy estate, comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

15. Unless an exemption applies, entities "in possession, custody, or control" of property of the estate must deliver said property to the trustee "unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

16. Income tax refunds arising from pre-petition earnings are property of the bankruptcy estate. *See, e.g., Turshen v. Chapman*, 823 F.2d 836, 838 (4th Cir. 1987).

17. However, while the Bankruptcy Code determines what constitutes property of the estate, courts "look to state law to determine the nature of a debtor's interest in the property at issue." *In re FirstPay, Inc.*, 773 F.3d 583, 590 (4th Cir. 2014).

18. Therefore, North Carolina law determines which portion of the Tax Refund belongs to the Debtor and which portion belongs to Mr. Bennett. Excluding the exemption claimed by the Debtor, to the extent that the Tax Refund is her property, it is property of the estate.

19. In *In re Quevedo*, married debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. *In re Quevedo*, 2024 WL 3754885 (Bankr. M.D.N.C. Aug. 9, 2024). Similar to the present case, the spouses had jointly filed their state and federal tax returns. *Id*. at *2. However, only one spouse had income, withholdings, or estimated tax payments. *Id*.

20. The United States Bankruptcy Court for the Middle District of North Carolina was thus presented with a question of first impression in that district – what is a spouse's individual property interest in jointly filed state and federal tax refunds? *Id*. at *10.

21. Based upon the submissions of the parties and its own research, the *Quevedo* court identified four methods of allocating joint refunds:

a. The "**withholding rule**," whereby the joint refund is divided in proportion to each spouse's tax withholdings for the relevant year;

b. The "**income rule**," which divides the refund in proportion to each spouse's income for the relevant year;

c. The "**50/50 rule**", which divides the refund equally between the spouses; and

d. The "**separate filings rule**," which allocates the refund based on each spouse's hypothetical individual tax liability had the spouses filed their tax returns as married filing separately. *Id*.

22. While acknowledging that each approach had strengths and weaknesses, the bankruptcy court in *Quevedo* concluded that, if faced with the issue, the North Carolina Supreme Court would utilize the separate filings rule. *Id*. at *12. ("[T]he separate filings rule is both better reasoned and more consonant with North Carolina law regarding property interests.")

23. Notably, the bankruptcy court noted that the 50/50 rule ignores the fact that "[a]s a presently married couple under North Carolina law, [the Debtors] retain their own respective

interests" in the tax refund. *Id*. at *11 (holding that "the Debtors' reliance upon North Carolina's equitable distribution statutes for allocating the 2023 tax refunds is misplaced.")

24. While not binding on this Court, the Trustee submits that the bankruptcy court's reasoning in *Quevedo* is sound and in accordance with North Carolina law and urges this Court to apply either (i) the separate filings rule, or (ii) the withholdings rule[1] in this case.

**<u>APPLICATION OF THE WITHHOLDINGS AND SEPARATE FILINGS RULES</u>**

25. When spouses file a joint tax return, their refund, if any, is calculated by adding together their "total payments" (including withholdings, tax credits, and estimated tax payments) and then subtracting the joint tax liability. *In re Crowson*, 431 B.R. 484, 491 (B.A.P. 10th Cir. 2010).

26. Thus, "[t]he first step in allocating a joint refund between spouses is . . . calculating each spouse's contribution to each type of payment . . . and then adding those contributions together to arrive at a total contribution figure for each spouse." *Id*.

27. The "withholdings rule" simply requires the Court to perform a *pro rata* analysis of each spouse's withholdings and tax payments to the refund received. For example, if the wife had $20,000.00 in withholdings and tax payments and the husband had $10,000.00 in withholdings and tax payments, the wife would be entitled to 2/3 of any tax refund, and the husband would be entitled to 1/3 of any tax refund.

28. Courts apply the "separate filings rule" by first determining each spouse's contribution to the total payments, including withholdings, estimated payments, and credits. *In re*

---

[1] While it is clear that the court in *Quevedo* landed solely on the "separate filings rule", the Trustee notes that the strict application of such rule is costly for the Trustee, debtors, and third-party spouses as it essentially requires each party to hire an accountant to prepare hypothetical separate tax returns for the debtor and the non-filing spouse. The Trustee proposes that this Court adopt a blended approach where the "withholdings rule" is utilized in cases where the tax refund is $20,000.00 or less and the "separate filings rule" is applied in cases where the tax refund is greater than $20,000.00. In most cases, the "withholdings rule" will approximate the "separate filings rule" but is easily calculable from looking directly at the filed tax return and does not require hypothetical separate returns.

*Lee*, 508 B.R. 399, 406 (S.D. Ind. 2014). Then, if there is joint tax liability, additional calculations must be performed to determine each spouse's individual share of that liability. *Crowson*, 431 B.R. at 484. Once that amount is calculated, it is subtracted from each spouse's individual contributions.

29. In the present case, there is no joint tax liability; however, the Debtor and Mr. Bennett did claim the Child Tax Credit of $6,600.00 for three children/dependents, which can complicate the calculation of "total contributions." However, Mr. Bennett cannot receive a refund greater than his total contributions. If Mr. Bennett is allowed to benefit from one-half of the Child Tax Credit under the "separate filings rule", his share of the Tax Refund must be capped at his total federal and state withholdings, or $526.00 ($224.00 federal and $302.00 state).

30. Thus, application of the withholdings rule to the Debtor and Mr. Bennett is straightforward and calculated in paragraphs 12 and 13 above.

31. In total, the Debtor's share of the Tax Refund under the withholdings rule is $13,996.77. After applying her claimed exemption in those funds, the Non-Exempt Tax Refund that is property of the estate is $12,996.77[2].

**RELIEF REQUESTED**

32. Section 542(a) of the Bankruptcy Code requires the Debtor and Mr. Bennett to turnover property of the estate to the Trustee unless such property is of inconsequential value or benefit to the estate.

33. The Trustee asserts that the Debtor's share of the Tax Refund – as liquid cash – will benefit the estate and is not of inconsequential value or benefit to the bankruptcy estate.

[2] If the Court were to apply the "separate filings rule", the Trustee believes that this would simply require giving Mr. Bennett credit for one-half of the Child Tax Credit, which would result in his entitlement to $526.00 of the Tax Refund, the maximum amount of his contributions. If such amount is deducted from the total Tax Refund of $14,171.00, the Debtor's share of the Tax Refund is $13,645.00. Reducing this amount by the Debtor's claimed exemption of $1,000.00, results in the bankruptcy estate being entitled to $12,645.00.

34. Accordingly, the Trustee requests the immediate turnover by the Debtor and the Debtor's spouse of the Non-Exempt Tax Refund.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order: (i) directing and requiring the Debtor and the Debtor's spouse to immediately turnover the Debtor's share of the Tax Refund to the Trustee, less her claimed exemption therein, constituting $12,996.77[3]; and (ii) granting such other and further relief as the Court may deem just and proper.

This the 3rd day of August, 2026.

**WALDREP WALL BABCOCK & BAILEY PLLC**

*s/Kevin L. Sink*
Kevin L. Sink
N.C. State Bar No. 21041
Robert F. Decker
N.C. State Bar No. 63865
3600 Glenwood Avenue, Suite 210
Raleigh, NC 27612
Telephone: 919-589-7985
Email: ksink@waldrepwall.com
*Attorneys for Chapter 7 Trustee*

[3] In the alternative, if the "separate filings rule" is applied the amount to be turned over to the bankruptcy estate should be $12,645.00.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:** **CHAPTER 7**

**CASIE LORRAINE HALL,** **26-02468-5-DMW**

**Debtor.**

**NOTICE OF MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE**

NOTICE IS HEREBY GIVEN of the Motion for Turnover of Property of the Estate ("Motion") filed by Kevin L. Sink, Chapter 7 Trustee for the above-captioned case, seeking an Order from the Court directing the Debtor and the Debtor's spouse to turnover certain property of the estate, specifically the bankruptcy estate's portion of the joint tax refunds received.

FURTHER NOTICE IS HEREBY GIVEN that any objection to the Motion and request for hearing must be filed with the Clerk, United States Bankruptcy Court, P.O. Box 791, Raleigh, NC 27602, with a copy served on the Chapter 7 Trustee whose name appears at the bottom of this Notice within FOURTEEN (14) DAYS of the date of this Notice.

FURTHER NOTICE IS HEREBY GIVEN that, if a response and request for a hearing is filed by a party-in-interest in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date to be determined by the United States Bankruptcy Court. Any party requesting a hearing shall appear at said hearing in support of such requests or they may be assessed Court costs. If no request for a hearing is timely filed, the Court may rule on the Motion and any response thereto *ex parte* without further notice.

Dated: August 3, 2026.

**WALDREP WALL BABCOCK & BAILEY PLLC**

*s/Kevin L. Sink*
Kevin L. Sink
N.C. State Bar No. 21041
3600 Glenwood Avenue, Suite 210
Raleigh, NC 27612
Telephone: 919-589-7985
Email: ksink@waldrepwall.com
*Attorneys for Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE** was served this day by CM/ECF electronic e-mail service or via U.S. Mail, postage prepaid, as follows:

*VIA CM/ECF EMAIL*

Brian C. Behr
*Bankruptcy Administrator*

William P. Janvier
*Counsel for the Debtor*

*VIA US MAIL*

Casie Lorraine Hall
3748 Lassiter Mill Rd
Raleigh, NC 27609

Levi M. Bennett
3748 Lassiter Mill Rd
Raleigh, NC 27609

This the 3rd day of August, 2026.

**WALDREP WALL BABCOCK & BAILEY PLLC**

*s/Kevin L. Sink*
Kevin L. Sink
N.C. State Bar No. 21041
3600 Glenwood Avenue, Suite 210
Raleigh, NC 27612
Telephone: 919-589-7985
Email: ksink@waldrepwall.com
*Attorneys for Chapter 7 Trustee*